Opinion filed August 30, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00003-CV

_____

## NARENDRA NIGALYE, MD AND RANJANA NIGALYE, MD, Appellants

## V.

## JAMES ORR, Appellee

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CV 09 01028**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment entered in a residential construction contract case in favor of the builder, James Orr. We affirm.

Appellants Narendra Nigalye, MD and Ranjana Nigalye, MD hired Orr to design and supervise the construction of their new home in Brownwood. The parties signed four documents concerning the residential construction: (1) an agreement regarding architectural services; (2) a mechanic's lien contract that specified the home construction would not exceed $1,000,000 and named Orr as the contractor; (3) an amended contract for additional work on the home at a cost of $300,000; and (4) a second amended contract for additional work on the home at a cost of $500,000. Orr eventually left the project and Appellants hired Steve Simpson to finish the construction. Appellants paid a total of $2,479,220.89 for the construction of their home. Appellants sued Orr for breach of contract, negligence, and negligent misrepresentation and sought to recover $679,220.89 in damages for the costs of construction that exceeded the parties' written agreements. The trial court denied Appellants' motion for summary judgment on their breach of contract claim, and the case proceeded to trial.

The jury found that Orr failed to comply with the agreement, but the jury did not award damages. The jury also found against Appellants on the negligence and negligent misrepresentation claims. The trial court denied Appellants' motion to disregard the jury's finding on damages and entered judgment in favor of Orr.

Appellants present four issues for review. In their first issue, Appellants assert that the trial court erred when it failed to grant their motion for summary judgment. Appellants argue in their second issue that the trial court erred when it allowed inadmissible parol evidence to be presented at trial. In their third and fourth issues, Appellants contend that there was no evidence to support the jury's finding of zero damages and that the jury's findings of breach and zero damages were irreconcilable.

We do not have jurisdiction to review whether a trial court erred when it denied a party's motion for summary judgment when a trial on the merits follows

2

the trial court's denial of the motion. *Superior Broadcast Products v. Doud Media Group, L.L.C.*, 392 S.W.3d 198, 204–05 (Tex. App.—Eastland 2012, no pet.). A trial on the merits of Appellants' breach of contract claim followed the trial court's denial of Appellants' motion for summary judgment on their breach of contract claim. Appellants' first issue is overruled.

In their second issue, Appellants argue that the trial court erred when it allowed inadmissible parol evidence at trial. Orr testified that he told Appellants and their attorney that he was not a general contractor and that he could not sign the mechanic's lien contract as a general contractor. Orr further testified that the only reason he signed the contract was because he was assured that the contract, including the amended contracts, was a mere formality in order for Appellants to obtain a loan from the bank. Orr did not intend to be responsible for any cost overruns.

Appellants objected to Orr's testimony on the grounds that it was inadmissible parol evidence and hearsay. The trial court overruled the objection and admitted Orr's testimony regarding the contract formation for the limited purpose to show Orr's state of mind.

Appellants contend that the trial court erred when it admitted Orr's testimony because the contract is unambiguous and, thus, parol evidence could not be used to alter the parties' agreement or to create a fact issue about the contract's meaning. Orr argues that his testimony was not offered to alter the parties' agreement or to create a fact issue about the contract's meaning, but was instead offered to create a fact issue as to whether a contract existed.

"Parol evidence is always competent to show the nonexistence of a contract or the conditions upon which it may become effective." *Baker v. Baker*, 183 S.W.2d 724, 728 (Tex. 1944). We hold that Orr's testimony at trial regarding the intent of the parties was admissible to show the nonexistence of a contract and,

thus, was not inadmissible parol evidence. Therefore, the trial court did not err when it allowed Orr to testify as to why he signed the contract as a general contractor and to testify that he did not intend to be bound by the terms of the contract. We overrule Appellants' second issue.

We next consider Appellants' third issue in which they argue that there was no evidence to support the jury's finding of zero damages. Question 6 of the court's charge to the jury asked:

> What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs Narendra Nigalye, M.D. and Ranjana Nigalye, M.D. for their damages, if any, that resulted from the occurrence in question?
>
> Do not add any amount for interest on damages, if any.

The jury received no further guidance as to the proper measure of damages in this case.

In a breach of contract action, the measure of damage is just compensation for the loss or damage actually sustained. *Stewart v. Basey*, 245 S.W.2d 484, 486 (Tex. 1952). The measure of damages for an owner when a contractor is alleged to be in breach of a construction contract is the cost of completing the job or remedying those defects that are remediable. *Vance v. My Apartment Steak House of San Antonio, Inc.*, 677 S.W.2d 480, 482 (Tex. 1984). The party seeking to recover cost-of-completion damages bears the burden of showing that the costs were reasonable and necessary. *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 200 (Tex. 2004).

Instructions for determining cost of completion damages were neither requested nor given, and neither party objected to the charge.[1] Because there was no objection to the charge submitted, we measure the evidence by the charge as given, even if erroneous. *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 112 (Tex. 2009); *Osterberg v. Peca*, 12 S.W.3d 31, 55 (Tex. 2000).

With no guidance as to what the proper measure of damages is in cases of this nature, the trial court asked the jury to decide (1) what *amount* of money, (2) if paid now in cash, (3) would *fairly* and (4) *reasonably* compensate Appellants for (5) their *damages*, if any, (6) that *resulted* from the occurrence in question.

Appellants are attacking an issue on which they had the burden of proof. Therefore, they must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). When we review a matter of law challenge, the first task for us is to "examine the record for evidence that supports the finding" and, in the process, ignore "all evidence to the contrary." *Id.* We consider all the evidence in the light most favorable to the prevailing party and indulge every

---

[1]The writers of *Texas Pattern Jury Charges* suggest the following question on contract damages:

> What sum of money, if any, if paid now in cash, would fairly and reasonably compensate *Paul Payne* for *his* damages, if any, that resulted from such failure to comply?

> Consider the following elements of damages, if any, and none other.

> *[Insert appropriate instructions. See samples in PJC 115.4 and instructions in PJC 115.5.]*

> Do not add any amount for interest on damages, if any.

Comm. on Pattern Jury Charges, State Bar of Tex., *Texas Pattern Jury Charges: Business, Consumer, Insurance, & Employment* PJC 115.3 (2012). The writers also comment that a question on contract damages "*may not* be submitted without an instruction on the appropriate measure of damages." *Id.*

reasonable inference in favor of that party. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005); *Landon v. S & H Mktg. Group, Inc.*, 82 S.W.3d 666, 674–75 (Tex. App.—Eastland 2002, no pet.). We credit any favorable evidence if a reasonable juror could and disregard any contrary evidence unless a reasonable juror could not. 168 S.W.3d at 821–22, 827. In the absence of evidence to support the finding, we "examine the entire record to determine if the contrary proposition is established as a matter of law." *Dow Chem. Co.*, 46 S.W.3d at 241. We will sustain the issue only if the contrary proposition is conclusively established. *Id.*

The evidence shows that Appellants spent $2,479,220.89 to complete the construction of their home—$679,220.89 over the contract price of $1,800,000. To determine the contract price, Orr gathered estimates from subcontractors, tabulated the estimates, and presented the estimates to Appellants. Orr reviewed the subcontractors' invoices with Appellants on a weekly basis, and Appellants paid the subcontractors directly. There was no dispute that the estimates provided by the subcontractors were a "wild guess" and were significantly lower than the actual cost of building the home.

In addition, the evidence shows that several items were not included in the original estimated costs, such as the water line, home theater, and kitchen appliances. Furthermore, the evidence shows that Appellants requested several changes to the design of their home during construction, including adding a bidet; increasing the size of the kitchen island and kitchen sink; upgrading the showerheads and redesigning the septic system to accommodate the increase in water pressure required for the new showerheads; reconstructing the roof to allow the elevator to go to the roof, as well as relocating several air-conditioning units to accommodate the elevator; smoother walls, which required more plaster; and changing a closet space into an altar.

Orr argues that there was sufficient evidence to support the jury's finding of zero damages because the jury could have found that the parties entered into a contract, that Orr breached the contract, but that his breach did not cause any damages because Appellants received the house that they wanted at its actual cost.

Under the evidence in this case, the jury reasonably could have inferred that there was no causation between Orr's breach and any damages suffered by Appellants. The jury had earlier answered that Orr had made negligent representations to Appellants but that those misrepresentations were not the proximate cause of their damages. Thus, the jury could have found that Appellants received the house that they wanted and that the increased price was not the result of Orr's breach but, rather, was a result of the many changes that Appellants made during construction. Or the jury reasonably could have inferred that the amount that Appellants paid resulted from a subcontractor's activities and not Orr's. Still yet, the jury reasonably could have found from the testimony that the damages sought were not fair and reasonable.

Appellants argue that they conclusively proved their damages through a benefit-of-the-bargain approach. They contend that the evidence is undisputed that the parties entered into the contracts; that the contract price was $1,800,000; that Orr quit and walked off the job without completing construction; that the cost to complete the home was $2,479,220.89; and that the proper measure of damages was $679,220.89—$2,479,220.89 (actual cost) minus $1,800,000 (contract price). While we agree that the evidence shows that Appellants spent $2,479,220.89 on the construction of their home, we do not agree that the evidence conclusively proves that $2,479,220.89 was the reasonable and necessary cost to complete the construction of the home as it was designed under the contract and amendments. Appellants did not present any evidence of what work had to be performed by Simpson in order to complete the construction of the home as originally designed

7

under the contract. In addition, other than Orr's and Simpson's conclusory testimony that the costs were reasonable and necessary, Appellants did not present any specific evidence explaining how Orr or Simpson determined that the costs were reasonable and necessary. Therefore, we cannot say that Appellants conclusively proved that they were entitled to recover cost-of-completion damages in the amount of $679,220.89.

Because there is some evidence to support the "$0.00" damage finding and because Appellants did not conclusively prove damages, we find that Appellants' no-evidence argument fails. We overrule Appellants' third issue.

In their fourth issue, Appellants argue that the jury's finding of zero damages is irreconcilable with the jury's findings that the parties entered into a contract and that Orr breached the contract. To determine whether a jury's findings can be reconciled, we look to whether the jury questions concern the same material facts and whether the answers can be harmonized. *Bender v. S. Pac. Transp. Co.*, 600 S.W.2d 257, 261–62 (Tex. 1980). Here, the answers can be harmonized because it is possible for a jury to find that a party has breached a contract and also find that the party's breach did not cause any damages. As discussed above, the jury could have found that Orr's breach of the contract did not cause the excessive cost of construction. Thus, the jury's findings that there was a breach and there were zero damages are not irreconcilable. The trial court did not err when it refused Appellants' request to instruct the jury to resolve the inconsistency. We overrule Appellants' fourth issue.

We affirm the judgment of the trial court.


JIM R. WRIGHT

August 30, 2013                                          CHIEF JUSTICE

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

8